UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER, | No. 2:17-cv-2124 JAM CKD P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. On October 12, 2017, defendants Medina, Stainer, Muniz, McCall and Kernan (defendants) removed this action from the Superior Court of Sacramento County pursuant to 28 U.S.C. § 1441(a) which permits removal if a federal court has original jurisdiction over claims brought in a state court. In their notice of removal, defendants assert "this action arises under 42 U.S.C. § 1983 and includes claims under the First and Fourteenth Amendments. . ." This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

After reviewing plaintiff's complaint (ECF No 1. at 78), the court finds that it fails to state a claim upon which relief can be granted. There are several problems with the complaint, including, most notably, plaintiff fails to point to facts which reasonably suggest any named-defendant denied plaintiff rights guaranteed to him under federal law. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Plaintiff has not adequately linked a defendant to any actionable deprivation.

Also, to the extent plaintiff takes issue with the processing of prisoner grievances, plaintiff has no federal right to a prison grievance system. Ramirez v. Galazza, 334 F.3d 850, 860 (9th Cir. 2003). Therefore, he has no freestanding right to have a prisoner grievance processed in any particular way or processed at all.

Finally, plaintiff names the California Department of Corrections and Rehabilitation (CDCR) as a defendant, but CDCR is immune from federal suit under the Eleventh Amendment. Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam).

/////

2

For these reasons, plaintiff's complaint must be dismissed. At this point, plaintiff has two options. First, he may attempt to cure the deficiencies in his claims arising under federal law by filing an amended complaint. Alternatively, if plaintiff does not wish to amend, this action will be remanded to the Superior Court of Sacramento County where plaintiff may proceed on any claims arising under California law. See 28 U.S.C. § 1447(c).

If plaintiff elects to file an amended complaint, plaintiff is informed as follows:

1. Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2. Plaintiff does not have a federal right not to have mail sent to or received from a court opened outside of his presence. See Hayes v. Idaho Correctional Center, 849 F.3d 1204, 1211 (9th Cir. 2017).

3. Plaintiff has a First Amendment right to send and receive mail. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). However, prisons may adopt regulations which impinge on an inmate's First Amendment rights if such regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, 107 (1987). Such interests include "security, order, and rehabilitation." Procunier v. Martinez, 416 U.S. 396, 413 (1974).

4. The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" failure to file an amended complaint in accordance with this order will result in a recommendation that all claims arising under federal law be dismissed and that this case be remanded to the Superior Court of Sacramento County.

Dated: February 1, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

walk2124.1